9887

AVENT v. PROFFITT.

(95 S. E. 434.)

1. EVIDENCE—DEMONSTRATIVE EVIDENCE—ADMISSIBILITY.—In an action against an architect for failure to properly inspect and to condemn defective construction in a house erected under his supervision, where it appeared that after a large piece of plastering fell, other portions were deemed unsafe and were taken down, it was not error to admit a part of the plastering, though the witness could not testify whether it was a part of the plastering that fell or a part that was taken down as unsafe.

2. CONTRACTS—ARCHITECT'S DUTIES—BREACH—INSTRUCTIONS.—In an action against an architect for failure to properly inspect and condemn defective construction in a building, where he testified that he inspected the work nearly every day and did not allow anything to go into the building that he did not think was good, and the contract required the work to be done under his direction, a nonsuit was properly denied, and it was not error to give instructions as to his duty to see that proper materials were used, on the theory that he had nothing to do with the materials.

Before SEASE, J., Spartanburg, May 23, 1916. Affirmed.

Action by Mrs. Betty Avent against L. D. Proffitt. From a judgment for plaintiff, defendant appeals.

*Messrs. John Gary Evans* and *Nicholls & Nicholls,* for appellant, cite: *As to duty owed by an architect to his employer:* 36 Atl. 104; 4 Cyc. 964; 100 U. S. 195; 30 Cyc. 1578; 43 Wis. 381; 34 Iowa 290; 2 Am. & Eng. Enc. Law (2d ed.) 818; 5 C. J. 201, 25; 53 Ill. 463; 20 Ill. 437; 128 Minn. 452; 34 N. Y. 370; 5 N. Y. Sup. 839; 4 Rich. Law 612; 79 S. C. 112; 69 S. C. 530; 15 Daly 237; 123 N. Y. 655; 43 Wis. 381.

*Messrs. Sanders & DePass,* for respondent, cite: *As to duty owed by an architect to his employer:* 2 R. C. L. 400; 5 Cor. Jur. 268-270-275; 56 Am. Rep. 339; 55 Am. St. Rep. 401; 1st Hill 382; Rich. 546; 1st McM. 59; 5 Cor. Jur. 20, sec. 68, p. 42.

January 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent lives in Spartanburg, and desired to erect a dwelling house for herself and family. Respondent's husband was away on business much of the time. The appellant was employed as architect in the erection of the building. After the family had been living in the house about three years, some of the plastering fell. When the plastering fell it was observed that the plastering was not uniform in thickness. One of the plaintiff's witnesses said, "the piece of plastering ranged from one-half inch thick to three and one-fourth inches." This inequality was alleged to be a defect in construction, and the appellant, the owner's architect, is sought to be made responsible for failure to properly inspect and failure to condemn the defective construction. On the trial of the case the judgment was for the plaintiff, and the defendant appealed.

1. The first exception complains of error in allowing, on the trial, the use of plastering that came from the house,

but not identified as a part of the plastering that fell. After a large piece of plastering fell, other portions of the plastering were deemed unsafe and were taken down. The witness did not know whether the plastering exhibited was a part of the plastering that fell, or a part that was taken down as unsafe. The inference to be drawn was the same, and there was no error here.

2. The other four exceptions are: "(2) In that his Honor erred in refusing to grant a nonsuit upon the following grounds: First. There is no evidence tending to show that any injury alleged in the complaint was the direct and natural result of any failure to inspect or supervise on the part of the architect in this case. Second. There is no testimony showing any negligence whatever on the part of the architect to perform his duty under his contract. Third. That the contract shows that the only duty for which the defendant was employed was to make a reasonable inspection of the work as it progressed. There is no evidence to show that such was not done. On the contrary, the evidence shows that the defendant did reasonably inspect the work and condemned certain part of it, and the matter was made satisfactory by the contractors; that the plaintiff has accepted the work of the defendant, namely, that of inspecting and reasonably supervising the work, and that the evidence of the plaintiff herself is that the injury, if any, may have been the result of other causes absolutely beyond the control of the defendant, or even of the plaintiff herself; that there is no direct testimony showing that the defendant has violated any contract, verbal or written, made by him with the plaintiff. Fourth. That if any liability exists on the part of the defendant for a failure to inspect materials, the plaintiff is estopped from bringing such action until she has exhausted her remedy against the contractors, and until she has demanded that the matter be submitted to arbitration.

"(3) In that his Honor erred in charging the jury as follows: 'Where one employs an architect to draw plans for a house and to supervise the construction of the house, and the agreement is that no money is to be paid out except on the certificate of the architect, such architect is the agent of the one who employs him, and he is bound under the law to exercise reasonable care and reasonable diligence to see that the work is done in a reasonable, proper, safe and secure manner, and that proper materials are used in the construction of the house'—the error being that it was a charge on the facts. There was no evidence that the defendant was charged with the duty of seeing that proper materials were used in the construction of the house. He has nothing whatever to do with the materials furnished.

"(4) In that his Honor erred in charging the jury as follows: 'If an architect carelessly fails to supervise the construction of a house which he is employed to supervise, and carelessly allows improper material to go into the house, or carelessly allows improper work to be done on the house, he is responsible in damages to the person who employs him to supervise said work'—the error being that the law was not applicable to the facts in this case; that there was no evidence that the architect in this case had anything to do with judging materials, or to see as to what materials should go into the house. It was, therefore, prejudicial to the defendant.

"(5) In that his Honor erred in charging the jury as follows: 'If he fails, either in supervising the work as it is being carried on, or in supervising the materials which go into the house, and damages come to the one who employs him, he is responsible for such damages'—the error being that there was no evidence of any contract between the plaintiff and the defendant that he should in any manner be the judge of materials going into the work. The charge was prejudicial to the right of the defendant."

These exceptions may be considered together, as they are based upon the same error. The appellant himself said: "I inspected the work nearly every day. I did not allow any thing to go in the building that I did not think was good."

The contract between the owner and the contractor provided that the work should be done under the "direction of said architect." The architect's duty did not stop with mere inspection. He had the right to condemn and exercised that right as to a part of the plastering. The appellant admits that part of his compensation was paid for supervision of the work. These exceptions are overruled.

The judgment is affirmed.